# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JOY KELLY GREEN, On behalf of J.M.G., Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION NO. 2:24-00321-KD-N |
| MARVIN MCDONALD, *et al.*, Defendants. | ) ) ) ) |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss (Doc. 28) filed by Sumter County, Alabama, and Sumter County Sheriff Brian Harris ("Defendants").[1] Joy Kelly Green, filing on behalf of a minor, J.M.G. ("Plaintiff"), names Defendants in one count of a six-count complaint, "Excessive Force – Municipal Liability Pursuant to *Monell*" under 42 U.S.C. § 1983. (Doc. 23, ¶¶ 71-103, PageID.96-102).[2]

Defendants argue Harris is afforded Eleventh Amendment immunity; all claims for *respondeat superior* against Defendants must be dismissed; Plaintiff fails to state a *Monell* claim; Sumter County is not subject to punitive damages; and all fictitious parties are due to for dismissal. Having been fully briefed on the matter (Docs. 29, 33, 34), the motion is ripe for disposition. Upon due consideration and for

---

[1] The District Judge assigned to this case referred this motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a); *See* S.D. Ala. GenLR 72(b) (11/06/2024 elec. ref.).

[2] Green filed an amended complaint once as a matter of course on October 22, 2024.

1

the reasons stated herein, the undersigned **RECOMMENDS** that Defendants' motion be **GRANTED** in part and **DENIED** in part.

## I.  *Factual Background*

According to the complaint, Plaintiff, a 15-year-old runaway, was being transported by deputies of the Sumter County Sheriff's Office to a juvenile detention facility in January 2023. While stopped at a gas station, an escape was attempted, which eventually led to a Sumter County Sheriff's Deputy allegedly shooting the handcuffed Plaintiff.[3] Plaintiff further alleges that he was denied immediate medical care and suffered permanent injuries. (Doc. 23, ¶¶ 13-48, PageID.87-92).[4]

## II.  *Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged … [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3] Deputy Marvin McDonald and other fictitious co-defendants are named in separate counts and filed for dismissal separately. (See Doc 26).
[4] Plaintiff's allegations of facts presented here are accepted as true and construed in the light most favorable to Plaintiff. *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

2

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement" possessing "enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555, 557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the [non-movant]." *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).

Additionally, jurisdictional challenges are addressed under Federal Rule of Civil Procedure 12(b)(1). *Harris v. Bd. of Trustees Univ. of Alabama*, 846 F. Supp. 2d 1223, 1229–30 (N.D. Ala. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)) (stating that where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

Sovereign immunity under the Eleventh Amendment is a constitutional doctrine that implicates the Rule 12(b)(1) jurisdictional standard. *See Davis v. Alabama Dept. of Trans.*, 2017 WL 4391730, at *5 (M.D. Ala. Aug. 2, 2017) (citing *Thomas v. U.S. Postal Serv.*, 364 F. Appx. 600, 601 (11th Cir. 2010)). The Eleventh Circuit has indicated that the Eleventh Amendment sovereign immunity analysis is more appropriately conducted under Rule 12(b)(1) where the analysis does not involve the merits of the case. *See Thomas v. U.S. Postal Service*, 364 F. Appx. 600, 601 (11th

Cir. 2010) ("[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists.") (citing *Bennett v. United States*, 102 F.3d 486, 488 n. 1 (11th Cir. 1996)); see also *Bennett*, 102 F.3d at 488 ("Rule 12(b)(1) of the Federal Rules of Civil Procedure provides a vehicle for the dismissal of actions for lack of subject matter jurisdiction."). The Eleventh Circuit cautions "that a district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Harris*, 846 F. Supp. 2d at 1231 n.8 (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

### III. Discussion

#### A. Sheriff Harris:

Plaintiff names Sheriff Brian Harris in his official capacity in Count Three of the complaint (along with Sumter County, Ala.), "Excessive Force – Municipal Liability Pursuant to *Monell*," 42 U.S.C. § 1983. (Doc. 23, PageID. 96).

State officials acting in official capacities are immune from suits brought under Section 1983 under the Eleventh Amendment, which "protects a State from being sued in federal court without the State's consent." *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003). "It is well established in this Circuit that Alabama sheriffs and their deputies are state officials and are absolutely immune from suit as an officer of the state under the Eleventh Amendment." *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016). The State of Alabama has not waived its Eleventh Amendment immunity and Congress has not abrogated Eleventh Amendment immunity in

4

Section 1983 cases. *See Brown v. Fla. Dep't of Revenue Off. of Child Support Enf't.*, 697 F. App'x 692, 693 (5th Cir. 2017) (citation omitted); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990) (quoting Article 1, Section 14 of the Alabama Constitution of 1901, "the State of Alabama shall never be made a defendant in any court of law or equity").

Plaintiff argues under *Ex parte Young*, the official capacity claims against Harris are not barred, as they seek injunctive and declaratory relief. (Doc. 33 PageID.196) (citing 209 U.S. 123 (1908)). The Eleventh Amendment doesn't bar suit when the purpose is preventing "officers of a State from enforcing an unconstitutional enactment[.]" 209 U.S. at 159-60. But such relief requires a plaintiff to show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury" and "a reasonable expectation that the injury they have suffered will continue or will be repeated in the future." *Ray v. Judicial Corr. Servs., Inc.*, 270 F. Supp. 3d 1262, 1298 (N.D. Ala. 2017) (citations omitted).  The Eleventh Circuit has held "[the *Ex parte Young*] doctrine provides an exception to Eleventh Amendment immunity for lawsuits against state officials as long as the plaintiffs seek only prospective injunctive relief to stop ongoing violations of federal law." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009) (citing *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000)); see also *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) ("[T]he Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally

5

prohibit suits seeking only prospective injunctive or declaratory relief.") (citation omitted).

The Amended Complaint (Doc. 23) presents paragraphs ¶¶ 71-103 (some duplicative) in support of Count Three, arguing Harris's inaction—through lack of training and corrective oversight—caused, endorsed, or made custom, the alleged constitutional violations. The count culminates in the final paragraph, which states "Plaintiff is entitled to recover damages for Defendants Sumter County and Sheriff' Harris' unconstitutional acts and omissions, including costs and attorney fees." (Doc. 102, ¶ 103, PageID.102). Later, in the prayer for relief, Plaintiff seeks "[a]n order granting Plaintiff injunctive and declaratory relief against Defendants, whereby Defendants are temporarily and permanently enjoined and restrained from any *further* contact with the Plaintiff[.]" (*Id.,* ¶ iv, PageID.107) (emphasis added). Defendants, as used in the latter, is assumed to include Harris, but the allegations do not support the requested relief. No allegations are made that articulate prospective injury or how Harris poses a threat of imminent harm. The undersigned finds the claims under *Ex parte Young* unsupported. *See Ray*, 270 F. Supp. at 1298. The remaining claims for damages against Harris are barred by the Eleventh Amendment. *See Melton*, 841 F.3d at 1234. For these reasons, the undersigned recommends Harris be dismissed from Count Three in his official capacity.

### B. Sumter County

Unlike sheriffs, political subdivisions of the state have no Eleventh Amendment protection from suit in federal court. *Moor v. County of Alameda*, 411

6

U.S. 693, 717-21 (1973). In *Monell*, the Supreme Court held that municipalities and other local governments may be held directly liable under § 1983 for constitutional violations if the injury stems from the government's enforcement of a policy or custom. *See Monell v. New York Dep't of Soc. Servs. of the City of N.Y.,* 436 U.S. 658, 694 (1978). To state a *Monell* claim, a plaintiff must allege facts showing: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1295 (11th Cir. 2024) (citing *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (citations omitted).

Critically, to rely on a pattern of complaints of unconstitutional conduct to show a custom, the complaints must have merit. *See Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). The complaints must also concern "factual situations that are substantially similar to the case at hand." *See Buckler v. Israel*, 680 F. App'x 831, 836 n.3 (11th Cir. 2017) (citation omitted). Plaintiff fails to make the necessary allegations.[5] *See Iqbal*, 556 U.S. at 678 (Rule 8 generally does not require detailed

---

[5] Plaintiff provides "Upon information and belief, prior to the shooting of Mr. J.M.G., Defendant McDonald had been involved in multiple incidents of misconduct that included the use of excessive force and other constitutional violations." (Doc. 23, ¶ 40, PageID.91)

7

factual allegations, however, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation omitted).

Furthermore, as Defendants note, Plaintiff fails to establish that the Sheriff is a "policymaker" for Sumter County, or vice versa; the Sheriff's Department is a state entity. (Doc. 34, PageID.212). The Supreme Court's opinion in *McMillian v. Monroe County, Ala.*, explains:

> [S]heriffs are given complete authority to enforce the state criminal law in their counties. In contrast, the "powers and duties" of the counties themselves—creatures of the State who have only the powers granted to them by the State—do not include any provision in the area of law enforcement. Thus, the "governing body" of the counties—which in every Alabama county is the county commission—cannot instruct the sheriff how to ferret out crime, how to arrest a criminal, or how to secure evidence of a crime. … [T]he county commission thus has no direct control over how the sheriff fulfills his law enforcement duty[.]

520 U.S. 781, 790–91 (1997) (citations omitted).

In sum, under *Monell*, a "county is liable under section 1983 only for acts for which the county is actually responsible." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003). Here, Sumter County has no control over the law enforcement practices of the Sheriff's Department. Thus, the claims against it should be dismissed. *See McMillian*, 520 U.S. at 791.

### C. Fictitious Defendants

Defendants move for dismissal of all fictitious co-defendants. (Doc. 28, ¶ 5, PageID. 120). Count Three—the only count of the six-count complaint addressed here—does not incorporate any of the fictitious defendants, and this issue is analyzed in the accompanying Report and Recommendation on Deputy Marvin McDonald's

Motion to Dismiss. For purposes of totality and consistent with the accompanying Report and Recommendation, the undersigned recommends dismissing John Does II-L while allowing the singular Deputy Doe I to remain at this stage of the proceedings. (*See* Doc. 23, ¶¶ 10-11, PageID.86). Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citations omitted). However, a limited exception applies when "the plaintiff's description of the defendant is so specific" as to make the name, "at the very worst, surplusage." *Id.* (citations omitted).

### IV.  Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 28) be:

- **GRANTED** under Rule 12(b)(1) as to Count 3 against Harris and dismissed without prejudice;

- **GRANTED** under 12(b)(6) as to Count 3 against Sumter County and dismissed with prejudice;

- **GRANTED** under 12(b)(6) as to all fictitious defendants—except Deputy Doe I—and dismissed without prejudice to timely join them once they are identified, otherwise **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 6th Day of March 2025.

>  */s/ Katherine P. Nelson*
>  **KATHERINE P. NELSON**
>  **UNITED STATES MAGISTRATE JUDGE**