IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

JOY KELLY GREEN,
On behalf of J.M.G.,                          )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )        Civil Action No. 2:24-00321-KD-N
                                              )
MARVIN MCDONALD, et al.,                      )
                                              )
        Defendants.                           )

## ORDER

After due and proper consideration of the issues raised, and a de novo determination of those

portions of the recommendation to which objection is made, the report and recommendation of the

United States Magistrate Judge made under 28 U.S.C. § 636(a)–(b), Fed. R. Civ. P. 72, and S.D.

Ala. GenLR 72(a) and dated February 6, 2025, (Doc. 35), is **PARTIALLY ADOPTED** as the

opinion of this Court.

Specifically, Parts I, II, III.A, and III.C are adopted. Part III.B is not adopted. After

consideration of the report and recommendation, (Doc. 35), the objection (Doc. 36), and the

response, (Doc. 38), the Court finds that the state law claims (Counts Four through Six) against

Deputy Sheriff McDonald are due to be dismissed.

The Constitution and caselaw of the State of Alabama have distinguished constitutional

officers from other state employees and have determined that constitutional officers enjoy absolute

immunity from state law claims seeking monetary damages, both in their individual capacity and

official capacity, when acting in the scope and course of their employment with the State of

Alabama. The Court does not agree with Plaintiff that Ex Parte Pinkard, 373 So.3d 192, 200 (Ala.

2022) changed this generous grant of immunity for constitutional officers. The Court finds the

1

following well-reasoned opinion to be persuasive:

> *Pinkard* does not apply to cases involving sheriffs or their deputies because it exclusively discussed cases brought against *statutorily* created officers. Sheriffs, however, are *constitutionally* created executive officers. The Alabama Supreme Court in *Pinkard* noted the types of suits where State immunity applies: suits against the State, its agencies, and State officers, employees, and agents in their official capacities. —— So.3d at ——, 2022 WL 1721483, at *4. Article I, § 14 of the Alabama Constitution grants State immunity as a jurisdictional bar which "strips courts of all power to adjudicate" these types of suits. *Id.* The reason for State immunity is that a suit against the State, its agencies, or State officers sued in their official capacities would impermissibly "result in a monetary loss to the State treasury." *Ex parte Ala. Dep't of Mental Health and Mental Retardation*, 937 So. 2d 1018, 1023 (Ala. 2006).
>
> The Alabama Supreme Court in *Pinkard* discussed State immunity as applied to official-capacity suits against statutory officers. The court held that these official-capacity suits are subject to State immunity because it "is equivalent to a suit against the office itself," which is "why claims filed against an officer in his 'official capacity' run not just against the named official but against all his successors in office." *Pinkard,* —— So.3d at ——, 2022 WL 1721483, at *4. By suing the officer in his official capacity for money damages, a plaintiff is in essence attempting "to reach 'the public coffers': damages awarded against a State agent in his official capacity presumably would come from the State treasury rather than the agent's personal assets." *Id.*
>
> However, the Alabama Supreme Court has two distinct lines of cases for officers created by legislative statute and those created by the Alabama Constitution. Official-capacity State immunity applies only to officers "created by statute," not "executive officers" with special status in Article V, § 112 of the Alabama Constitution. *See Suttles v. Roy*, 75 So. 3d 90, 95 (Ala. 2010). For example, in *Ex parte Lawley*, the Alabama Supreme Court held that employees of the Department of Conservation and Natural Resources ("DCNR") did not receive State immunity for individual suits because they did not fall under the applicable classes of qualifying officers. 38 So. 3d 41, 46 (Ala. 2009). That is, the suit against them was not one against the State or one of its agencies because the employees were "statutory, not constitutional, officers." *Id.* Consequently, State immunity only applied to statutory DCNR officers if they were sued in their official capacity, which they were not; thus, it was "not an action that implicate[d] State immunity." *Id.*
>
> *Pinkard* clarified the line of cases analyzing State immunity for statutory officers, holding that if a statutory officer is sued in his individual capacity—not getting at the coffers of the state treasury—then he only qualifies for State-agent immunity. —— So.3d at ——, 2022 WL 1721483, at *4. Notably, the type of officer at issue in *Pinkard* was created by statute: a deputy state fire marshal, Ala. Code § 36-19-1. *Pinkard*, —— So.3d at ——, 2022 WL 1721483, at *1. So too were the officers in the cases that *Pinkard* either relied upon[3] or overruled.[4] Because the statutory

officer in *Pinkard* was not sued in his official capacity, the court analyzed the claims against him under State-agent immunity.[5]

As constitutional executive officers, sheriffs and their deputies are generally immune from suits for damages brought against them in their official and individual capacities for actions taken within the line and scope of their employment.[6] Importantly, the cases analyzing official-capacity State immunity for statutory officers, including *Pinkard*, do *not* include claims against any of the nine executive officers listed in Article V, § 112 of the Alabama Constitution: "a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county." Suits against constitutional executive officers are distinct from the official-capacity suits discussed in *Pinkard* because that case involved claims against statutory officers. If statutory officers are truly sued in their individual capacities, then, according to *Pinkard*, those officers may receive State-agent immunity. Cases granting State immunity to sheriffs—even in individual-capacity suits—were not discussed or overruled in *Pinkard, Cooper*, or *Barnhart.*

The Alabama Supreme Court grants sheriffs and their deputies State immunity because they are constitutionally created executive officers. In *Parker v. Amerson*, 519 So. 2d 442, 446 (Ala. 1987), the Alabama Supreme Court held that sheriffs are immune from suit under § 14 for actions taken "while executing [their] discretionary duties." Answering a certified question from the Eleventh Circuit, the Alabama Supreme Court held that absolute State immunity is due to sheriffs' status as constitutional executive officers under Article V, § 112. *Parker*, 519 So. 2d at 446. The only circumstance, according to *Parker*, in which a sheriff does not receive State immunity is

> when an action is brought: (1) to compel state officials to perform their legal duties; (2) to compel state officials to perform ministerial acts; (3) to enjoin state officials from enforcing unconstitutional laws; (4) to enjoin state officials from acting in bad faith, fraudulently, beyond their authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act.

*Id.* at 445 (citing *Gill v. Sewell*, 356 So. 2d 1196, 1198 (Ala. 1978)).

Sheriff State immunity extends to a deputy sheriff because they operate as the sheriff's "alter ego." The Eleventh Circuit in *Carr v. City of Florence*, 916 F.2d 1521, 1526 (11th Cir. 1990), identified this extension in Alabama, citing back to *Mosely v. Kennedy*, 245 Ala. 448, 17 So. 2d 536, 537 (1944). The alter-ego theory from *Carr* was cited approvingly by the Alabama Supreme Court in *Hereford v. Jefferson County*:

> In general, the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.... [A] deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should also enjoy the immunity covering the sheriff's own acts.

586 So. 2d 209, 210 (Ala. 1991) (citations omitted). The Alabama Supreme Court continues to grant State immunity to a sheriff or his deputy against monetary claims for actions taken "within the line and scope of his employment as a ... sheriff," unless one of the *Parker* exceptions apply. *Ex parte McWhorter*, 880 So. 2d 1116, 1117 (Ala. 2003).[7]

State immunity for sheriffs is distinct from State immunity offered to non-constitutional officers sued in their official capacities. The Eleventh Circuit recently noted in an unpublished opinion that "Alabama generally grants sovereign immunity to its state executive officers, sheriffs, and deputy sheriffs pursuant to" § 14 because a suit for monetary damages "against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Ass'n of Cnty. Comm'ns of Ala. Liab. Self-Insured Fund v. Robinson*, 777 F. App'x 397, 399 (11th Cir. 2019). State immunity is granted to sheriffs pursuant to Article V, § 112—even in individual-capacity actions—because suits against a constitutional officer "for actions taken in the line and scope of their employment inherently constitute actions against the State, and such actions are prohibited by § 14." *Donaldson*, 80 So. 3d at 898 (quoting *Shelley*, 53 So. 3d at 895). In other words:

> When determining whether a State interest in an action against a state official or employee in his or her individual capacity is sufficient to trigger the immunity granted by § 14, ... cases distinguish between the standards applied to those state agents or employees whose positions exist by virtue of legislative pronouncement and those who serve as the constitutional officers of this State.

*Davis*, 930 So. 2d at 500. If sued individually, officers created by legislative pronouncement may receive State-agent immunity, and those created by the constitution, such as deputy sheriffs, enjoy State immunity.

Reynolds v. Calhoun, 650 F. Supp. 3d 1272, 1276–79 (M.D. Ala. 2023).

In this case, as in Reynolds, the plaintiff has claimed in her complaint that Deputy McDonald was at all times acting in the course and scope of his employment. As such, the State of Alabama has granted Deputy McDonald absolute immunity from State law claims that seek monetary damages.

Accordingly, it is **ORDERED** that Defendant Deputy Marvin McDonald's Partial Motion to Dismiss Plaintiff's Amended Complaint, (Doc. 26), is **GRANTED in PART** and **DENIED in PART** as follows:

The motion to dismiss the claims against McDonald in his official capacity (Counts One and Two) is **GRANTED** and Counts One and Two (§ 1983 Claims) are **DISMISSED** against McDonald in his official capacity but remain against McDonald in his individual capacity.

The motion to dismiss the state law claims against McDonald (Counts Four, Five, and Six) is **GRANTED** and the state law claims against McDonald (Counts Four, Five, and Six) are **DISMISSED**.

The motion to dismiss all claims against fictitious defendants John Does II-L is **GRANTED** and all claims against fictitious defendants John Does II-L are **DISMISSED**.

The motion to dismiss all claims against fictitious defendant Deputy Doe I is **DENIED** and the claims against fictitious defendant Deputy Doe I remain.

The request to strike the pleading of any reference to 42 U.S.C. §§ 1981, 1985, and 1986 is **GRANTED** and all references to 42 U.S.C. §§ 1981, 1985, and 1986 are **STRICKEN**.

**DONE** and **ORDERED** this the **10th** day of **March 2025.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**